MARLIN & SALTZMAN, LLP
Louis M. Marlin, Esq. (SBN: 54053)
louis.marlin@marlinsaltzman.com
Kristen Marquis Fritz, Esq. (SBN: 268326)
kfritz@marlinsaltzman.com
3200 El Camino Real, Ste. 100
Irvine, California  92609
(714) 669-4900   Fax: (714) 669-4750

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines, Esq. (SBN 71075)
whaines@uelglaw.com
110 Pine Avenue, Suite 725
Long Beach, California  90802
(888) 474-7242  Fax:  (866) 435-7471

Attorneys for Plaintiff and Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TANNER TROSPER, on behalf of himself, individually, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, HOWMEDICA OSTEONICS CORPORATION, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No **CV13-0607** EJD HRL<br><br>**COMPLAINT AND JURY DEMAND**<br><br><u>**CLASS ACTION**</u><br><br>1.   FAILURE TO INDEMNIFY AND ILLEGAL WAGE DEDUCTIONS (Lab. Code § 2802)<br>2.   UNFAIR BUSINESS PRACTICES (Bus. & Prof. Code §§17200, *et seq.*) |

Plaintiff, TANNER TROSPER, on his own behalf and on behalf of all similarly situated persons alleges as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.   This matter is brought as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, as well as pursuant to applicable laws of the State of California by Plaintiff on behalf of the Plaintiff Class which is made up of all persons who have been, or currently are, employed by Defendants in California during the Class Period as "Sales Representatives." This Complaint alleges systematic violations of the California Labor Code (hereinafter, "Labor Code,") and the California

Business & Professions Code (hereinafter "Bus. & Prof Code") and is brought by Plaintiff on his own behalf and on behalf of the Plaintiff Class.

2. "Class Period" is defined as the time from four years preceding the filing of this Complaint through the date that Defendants changed their reimbursement policies to comply with California law. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

3. In this case, Plaintiff seeks relief for himself and the Plaintiff Class under California law to remedy Defendants' failure to indemnify Plaintiff and Class members for employment-related expenses incurred in violation of Labor Code §2802.

4. Defendants have administered a corporate policy and practice concerning reimbursement for expenses which is in violation of California statutory and decisional law.

5. The actions of Defendants are in violation of the Labor Code and, as a result, are unlawful and unfair acts, thus constituting a violation of Bus. & Prof. Code § 17200, *et seq.*

6. The policies and practices of Defendants described herein have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures and requirements of the Labor Code and of the Bus. & Prof. Code.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy exceeds $5 million dollars and there is a diversity of citizenship since Defendants are organized under the laws of the state of Delaware and New Jersey and have their principal places of business in Michigan and New Jersey, and Plaintiff and proposed Class members are citizens of the State of California.[1]

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendants are subject to personal jurisdiction in this district at the time this action was commenced. Further, venue is proper in this Court because this action concerns substantially the same

---

[1] While it is possible that some former employees may not be current citizens of the State of California, the percentage of Class members that would fall into that category is likely to be very small.

transactions and events as the action captioned *Hopkins v. Stryker Sales Corp.*, CA No. 11-02786 LHK, which is also before this Court.

## PARTIES

9. Plaintiff, Tanner Trosper, is an individual over the age of eighteen (18) years and is now, and at all relevant times mentioned in this Complaint was, a citizen of the State of California. Plaintiff was employed by Defendants as a Sales Representative in California from approximately November, 2008 until May, 2011. Plaintiff received a W-2 from Defendants each year and was classified as an employee.

10. Defendant Stryker Corporation ("Stryker") is a corporation organized under the laws of the State of Delaware whose principal place of business is in the State of Michigan. Stryker is a foreign corporation licensed to do business in the State of California. Stryker is in the business of manufacturing and marketing medical devices.

11. Defendant Howmedica Osteonics Corporation ("Howmedica) is a corporation organized under the laws of the State of New Jersey whose principal place of business is in the State of New Jersey. Howmedica is a foreign corporation licensed to do business in the State of California. Howmedica is in the business of manufacturing and marketing medical devices.

12. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged by DOES 1 through 100, inclusive, but on information and belief alleges that said Defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each defendant named herein was the agent of the other, and the agent of all Defendants. Plaintiff is further informed and believes, and thereon alleges, that each Defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other Defendants, and that each Defendant's actions as alleged herein was authorized and ratified by the other Defendants.

13. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, parents, subsidiaries, and/or partners of each of the other Defendants, and were, at all such

times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director, and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the other co-Defendants, as herein alleged, and was responsible in whole or in part for the matters referred to herein.

14. Plaintiff is informed and believe, and thereon alleges at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, and all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership, and/or common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were joint employers of the Plaintiff and the putative class herein.

16. Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

17. Defendants were at all times doing business throughout the State of California, have various offices and locations in the State, and serve numerous customers throughout the State. The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

## FACTUAL ALLEGATIONS

18. Plaintiff and class members are/were employed by Defendants as Sales Representatives to sell medical devices developed and manufactured by Defendants.

19. Defendants classify all class members as employees and provide them with a W-2 at the end of each year.

**Expenses Incurred**

20. As Sales Representatives, Plaintiff and class members incur numerous expenses in the course of their employment and for the benefit of their employer.

21. The expenses incurred by class members include, but are not limited to, costs of operating their personal vehicles (e.g., vehicle payments, fuel, maintenance, oil changes, insurance, taxes, registration fees, depreciation, interest, tires, smog, parking, tolls, etc.), mobile phone and service fees, mobile phone data plan, fax machine, land lines for phone and/or fax, office space, office supplies, internet, storage, entertainment, business meals, and airfare/lodging/taxi/bus/train/auto rental (where not related to a company sponsored event).

22. During the Class Period, Plaintiff and class members incurred substantial costs in direct consequence of the discharge of their employment duties.

**Expense Reimbursement**

23. Regardless of any rate or policy set by the employer, California law requires that an employee be reimbursed for all of his or her employment-related expenses. Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties...."

24. During the Class Period, Defendants did not have a policy providing for reimbursement of expenses to employees. In fact, during this time, Defendants' policy expressly stated that Sales Representatives would *not* be reimbursed for business expenses. Specifically, Defendants expressly stated that business expenses would be the sole responsibility of the Sales Representative.

25. In February, 2011, Defendants changed their policy to allow reimbursement of certain expenses to *some* employees.

26. In October, 2012, Defendants changed their policy to allow reimbursement of certain expenses to *some* additional employees.

27. As a result of Defendants' policies and/or practices with respect to expense reimbursement, Plaintiff and class members are not, and have not been, indemnified for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties.

COMPLAINT AND JURY DEMAND

28. It is unknown whether Defendants' policies provide that *all* class members are now entitled to, and do receive, reimbursement for all expenses incurred in the course of their employment and for the benefit of their employer.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following defined Class: All individuals who are/were employed by Defendants in California during the Class Period and who held the title of "Sales Representative."

30. <u>Numerosity</u>: While the exact number and identification of class members are unknown to Plaintiff at this time, Plaintiff is informed and believes that the class includes hundreds of members.

31. <u>Commonality</u>: Common questions of law, in fact, exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

   a. Whether Defendants had/have a policy and/or practice of not paying employees for all expenditures incurred in direct consequence of the discharge of their duties;

   b. Whether Defendants unlawfully and/or willfully failed to fully indemnify Plaintiff and Class members for expenditures incurred in direct consequence of the discharge of their duties in violation of Labor Code § 2802;

   c. Whether Plaintiff and Class members sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys; fees, and equitable relief; and,

   d. Whether Defendants' conduct violated the Unfair Competition Law of California, Bus. & Prof. Code § 17200, *et seq.*

32. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Plaintiff Class. Plaintiff, like other members of the Class working for Defendants in California, was subjected to Defendants' policies and/or practices set forth above. Plaintiff's job duties were, and are, typical of those of other Class members.

33. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

34. Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.

36. In addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

37. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## FAILURE TO INDEMNIFY IN VIOLATION OF

## CAL. LABOR CODE SECTION 2802

(Against All Defendants On behalf of Plaintiff and the Plaintiff Class)

38. Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 37. This cause of action is pled against all Defendants.

39. Pursuant to Labor Code § 2802, an employer shall indemnify his or her employee for all necessary expenditure or losses incurred by the employee in direct consequence of the discharge of his or her duties.

40. Defendants' actions in requiring employees to expend monies in direct consequence of the discharge of their duties, but failing to fully indemnify and reimburse them for those expenses, are unlawful under the laws and regulations of the State of California.

41. During the four (4) years preceding the filing of this Complaint, Defendants have

1 wrongfully withheld indemnification for the expenses incurred by Plaintiff and Class members.

2   42.   In violation of California law, Defendants have knowingly and willfully refused to perform their obligations to indemnify and reimburse Plaintiff and Class members. As a direct result, Plaintiff and Class members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such moneys, lost interest on such moneys, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial.

   43.   Plaintiff and Class members are thus entitled to recover nominal, actual and compensatory damages in amounts according to proof at time of trial.

   44.   Defendants' conduct described herein violates Labor Code § 2802. As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at time of trial. Therefore, Plaintiff and Class members are entitled to recover the unpaid balance of expenditures owed to them, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA

## BUSINESS AND PROFESSIONS CODE SECTION 17200, et seq.

(Against All Defendants On behalf of Plaintiff and the Plaintiff Class)

   45.   Plaintiff hereby re-alleges, and incorporates by reference as though set fully herein, the allegations contained in paragraphs 1 through 44. This cause of action is pled against all Defendants.

   46.   Defendants' acts in violation of the statutes and regulations as set forth in this Complaint constitute unfair and unlawful business practices under Business and Professions Code § 17200, *et seq*.

   47.   Defendants' violations of the Labor Code and illegal practices and payment policies constitute a "business practice" because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class members.

   48.   For the four (4) years preceding the filing of this action, Plaintiff and Class members

have suffered damages and request restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and Class members pray for judgment as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed class representatives;

C. An order that counsel for Plaintiff be appointed class counsel;

D. For nominal damages;

E. For compensatory damages;

F. For restitution of all monies due to Plaintiff and class members, and disgorged profits from the unlawful business practice of Defendants;

G. For interest accrued to date;

H. For costs of suit, expenses and attorneys' fees pursuant to Labor Code §2802; and,

I. For all such other and further relief that the Court may deem just and proper.

Date: February 11, 2013

        **MARLIN & SALTZMAN, LLP**
        **UNITED EMPLOYEES LAW GROUP, PC**

        By _/s/ Kristen Marquis Fritz_
        Louis M. Marlin
        Kristen Marquis Fritz
        Attorneys for Plaintiff and the Proposed Class

**JURY DEMAND**

Plaintiff on behalf of himself and all others similarly situated, demands a trial by jury for all Class members on all claims so triable.

Date: February 11, 2013

        **MARLIN & SALTZMAN, LLP**
        **UNITED EMPLOYEES LAW GROUP PC**

        By _/s/ Kristen Marquis Fritz_
        Louis M. Marlin
        Kristen Marquis Fritz
        Attorneys for Plaintiff and the Proposed Class