**MARLIN & SALTZMAN, LLP**
Louis M. Marlin, Esq. (SBN: 54053)
louis.marlin@marlinsaltzman.com
Kristen Marquis Fritz, Esq. (SBN: 268326)
kfritz@marlinsaltzman.com
3200 El Camino Real, Ste. 100
Irvine, California   92609
(714) 669-4900   Fax: (714) 669-4750

**UNITED EMPLOYEES LAW GROUP, PC**
Walter Haines, Esq. (SBN 71075)
whaines@uelglaw.com
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
(888) 474-7242   Fax:  (562) 256-1006
  Attorneys for Plaintiff and Proposed Class

**SEYFARTH SHAW LLP**
Andrew M. Paley (SBN 149699)
apaley@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
(310) 277-7200 Fax: (310) 201-5219

**SEYFARTH SHAW LLP**
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Soo Cho (SBN 254712)
scho@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
(415) 397-2823 Fax: (415) 397-8549
  Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| TANNER TROSPER, on behalf of himself, individually, and all others similarly situated,<br>    Plaintiff,<br>v.<br>STRYKER CORPORATION, HOWMEDICA OSTEONICS CORPORATION, and DOES 1 to 100, inclusive,<br>    Defendants. | Case No. CV 13-0607-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Case Management Conference:**<br>Date:         September 18, 2013<br>Time:         2:00 P.M.<br>Courtroom:  8 |

Pursuant to Local Rule 16-9, Plaintiff Tanner Trosper and Defendants Stryker Corporation and Howmedica Osteonics Corporation submit the following Joint Case Management Conference Statement:

## I.   JURISDICTION AND SERVICE

This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) in that Plaintiff seeks an amount exceeding the jurisdictional minimum and there is a diversity of citizenship since Defendants are organized under the laws of the state of Delaware and New Jersey and have their principal places of business in Michigan and New Jersey, and Plaintiff and proposed Class members are citizens of the State of California.  Defendant Stryker Corporation and Defendant Howmedica Osteonics Corporation were served on February 21, 2013. (Doc. ## 6, 7).  At this point, all known parties have been served.

## II.   FACTS

Plaintiff's Contentions:

Plaintiff was employed by Defendants as a Sales Representative in the state of California.  In the course of performing his duties as a Sales Representative, Plaintiff (and proposed class members) incurred various reasonable and necessary business expenses.  The expenses incurred by Plaintiff and/or class members include, but are not limited to, costs of operating their personal vehicles (e.g., vehicle payments, fuel, maintenance, oil changes, insurance, taxes, registration fees, depreciation, interest, tires, smog, parking, tolls, etc.), mobile phone and service fees, mobile phone data plan, fax machine, land lines for phone and/or fax, office space, office supplies, internet, storage, entertainment, business meals, and airfare/lodging/taxi/bus/train/auto rental (where not related to a company sponsored event).  During the Class Period, Defendants did not have a policy providing for reimbursement of expenses to employees.  In fact, during this time, Defendants' policy expressly stated that Sales Representatives would not be reimbursed for business expenses.  Specifically, Defendants expressly stated that business expenses would be the sole responsibility of the Sales Representative.  As such, Plaintiff alleges that Defendants have violated California Labor Code

section 2802 by failing to reimburse him, and others similarly situated, for all of their necessarily-incurred business expenses.

Defendants' Contentions:

Defendants deny all allegations in the Complaint and dispute that Plaintiff or any putative class member is entitled to any relief requested by Plaintiff.  Defendants also deny the alleged factual contentions made by Plaintiff above.  Defendants dispute that Plaintiff is an adequate class representative and deny that this case can or should proceed as a class action.  Defendants further deny that Plaintiff or any putative class member has been damaged in any manner whatsoever. Defendants further contend that defendant Stryker Corporation is not a proper defendant, as this entity did not employ Plaintiff or any other putative class member.

Defendants contend that at all times during the liability period, employees were permitted to submit for reimbursement of all reasonable and necessary business expenses not otherwise covered by increased commission payments.

## III. LEGAL ISSUES

Whether, and to what extent, Defendants failed to comply with California Labor Code 2802 by failing to reimburse Sales Representatives in California for the necessary business expenses that they incurred.  Further, whether Defendants' conduct violated the Unfair Competition Law of California, Bus. & Prof. Code § 17200, et seq.

## IV. MOTIONS

There are no pending motions.  Plaintiff will bring a motion for class certification and, had previously stated that he would do so by January 5, 2014.  Plaintiff anticipates that he may also file a Motion for Summary Judgment and that there may potentially be a need for motion practice relating to discovery issues.

Defendants will oppose Plaintiff's motion for class certification. Defendants also may file a motion to deny class certification. Defendants may bring a motion (or motions) for summary judgment, and may file a motion to dismiss defendant Stryker Corporation.

## V. AMENDMENT OF PLEADINGS

Plaintiff anticipates that it may be necessary to amend the pleadings to replace the Doe Defendants with named defendants as discovery progresses. The parties had previously proposed that the cutoff for amending the pleadings to add new parties or new claims be September 2, 2013, but stipulated to stay that deadline.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and discussed the matters on the Checklist for ESI Meet and Confer. All parties acknowledge their duty to preserve relevant documents in accordance with relevant rules and case law. The parties have taken all steps necessary to preserve electronic and hard-copy documents and records relevant to the matter. Plaintiff contends that, by way of example and without limitation, this includes, for the duration of the Class period and continuing, the following: policies, procedures and memoranda concerning expense reimbursement; all records of any kind relating to: business expenses incurred by class members, requests for expense reimbursement, and/or payments for expense reimbursement; payroll records, personnel files; acknowledgements or agreements (including employment agreements), memoranda; emails relating to any and all of the foregoing; and all metadata relating to any or all of the foregoing that exists in electronic form.

## VII. DISCLOSURES

The parties have completed their initial disclosures as well as production of documents referenced therein.

## VIII. DISCOVERY

### A. Timing of Initial Discovery

The Parties have already begun written discovery.

### B. Scope of Initial Discovery

Plaintiff's Position:

Plaintiff sought discovery from Defendants on the following subjects via Interrogatories and Requests for Production of Documents:

- Identity of class members;
- Defendants' corporate structure and related entities;
- Defendants' policies and procedures regarding compensation of California Sales Representatives;
- Payroll records for California Sales Representatives;
- Payroll policies, procedures and practices applicable to California Sales Representatives;
- Reimbursement policies, procedures and practices applicable to California Sales Representatives;
- Storage and retention of payroll records;
- Storage and retention of payroll/human resources policies and procedures; and
- Electronic data, including e-mails, pertaining to the foregoing.

Defendants responded to Plaintiff's discovery. However, Plaintiff has notified Defendants that he believes that their responses are incomplete and improper, and has requested supplemental responses. Specifically, Defendant Stryker Corporation objected to all of Plaintiff's Interrogatories and Requests for Production on the grounds that it did not employ Plaintiff or members of the proposed plaintiff class. Plaintiff asserts that Defendant Howmedica Osteonics Corp. made numerous boilerplate, compound, and unsupported objections to Plaintiff's Interrogatories and/or Requests for Production. Howmedica also objected to production of the class list on the grounds of privacy. In addition, Howmedica's limited its responses based on its claim that Plaintiff has not made a prima facie showing that the class action requirements of FRCP 23 have been satisfied. Plaintiff also believes that Howmedica's document production was also incomplete and improperly limited based on invalid objections. Finally, Howmedica objected to Plaintiff's Interrogatory seeking information on related entities on relevance grounds. Plaintiff believes that these objections and limitations are improper.

5
JOINT CASE MANAGEMENT CONFERENCE STATEMENT (Case No. 13-0607-LHK)

1  Defendant Howmedica Osteonics Corp. also served Interrogatories and Requests for
2  Production of Documents on Plaintiff. Plaintiff responded to both, and also produced responsive
3  documents.

4  <u>Defendants' Position</u>:

5  On September 5, 2013, Defendants' counsel received Plaintiff's discovery responses, as well
6  as a meet and confer letter taking issue with purported deficiencies in many of Defendants'
7  discovery responses and its document production. Per written agreement between the Parties,
8  Defendants will be responding to Plaintiff's meet and confer letter on these issues in writing by
9  Monday, September 16, 2013. After that, if necessary, the Parties have agreed to meet and confer
10 telephonically in further effort to resolve the disputes, if any remain, in accordance with the Local
11 Rules.

12 Defendants do not believe that this Rule 26f Report is the proper vehicle in which to address
13 ongoing meet and confer efforts related to a potential discovery dispute (which may still be
14 resolved), especially when, at the time of this writing, they have not even responded substantively to
15 Plaintiff's meet and confer letter. Defendants believe, and have informed Plaintiff, that his efforts to
16 argue these specific matters in this document in connection with a Case Management Conference, is
17 premature, unnecessary and inappropriate, and not what this section of the Report contemplates or
18 requires.

19 As to the misplaced arguments set forth by Plaintiff above, Defendants will state at this time
20 only that it disagrees with Plaintiff's assertions that any of its objections were invalid, any of its
21 responses were deficient, or that its document production was improper. However, once again,
22 Defendants are still evaluating Plaintiff's contentions in this regard, and will be responding
23 substantively to his meet and confer letter subsequent to the filing of this document, and will make
24 full and good faith efforts to resolve these issues without the need for Court intervention, if possible,
25 consistent with the Parties' obligations under the F.R.C.P. and applicable Local Rules.

26
27
28

### C. Anticipated Discovery

Plaintiff will continue to seek discovery of relevant documents, data, and testimony regarding the above general matters. To that end, Plaintiff anticipates serving additional Interrogatories, Requests for Production, and will also serve Requests for Admission. Plaintiff also intends to depose several of Defendants' corporate representatives as well as witnesses identified in Defendants' initial disclosures

At this time, Defendants currently intend to depose Plaintiff and any declarants used in support of Plaintiff's motion for class certification, as well as serving additional Interrogatories, Document Requests, and Requests for Admission.

### D. Phasing of Discovery

Plaintiff's Position:

Plaintiff proposes that discovery relating to class and merits issues be conducted simultaneously. The issues in this case are narrow and undoubtedly class and merits discovery will overlap greatly. Plaintiff believes that undertaking this discovery simultaneously will result in time and cost savings to the Parties. Plaintiff proposes that all discovery to be completed prior to class certification could be completed by the date that the Reply regarding Plaintiff's Motion for Class Certification is to be filed. Although some discovery may be necessary following the Court's ruling on Plaintiff's Motion for Class Certification, Plaintiff believes that this will be very limited. Plaintiff proposes that the final discovery cutoff be set for 90 days prior to trial.

Defendants' Position:

Defendants propose that discovery should be conducted in phases. Phase I should be limited to certification issues, with the discovery cut-off being set for the date Plaintiff files his Reply brief in support of the motion for class certification. Pre-certification merits discovery should be limited to the named Plaintiff although the parties recognize that there may be some overlap between discovery relevant to merits and certification. Phase II of the discovery process should address liability and damages. Defendants propose that the Court set a further Case Management Conference within fourteen (14) days of the Court's ruling on Plaintiff's motion for class

certification. At that time, additional deadlines for Phase II discovery may be set. Alternatively, Defendants propose a discovery cut-off for Phase II discovery to be 90 days prior to trial.

The Parties believe that the final discovery cutoff should not be set until after the Court rules on Plaintiff's Motion for Class Certification.

### E.  Forms and Format of Electronically Stored Information

The parties will produce electronically stored information in electronic format unless the electronically stored information is specifically requested in another format and it is agreed or determined by the Court that production in the requested format is reasonably accessible and without undue burden or cost to the producing party. The parties further agree that productions will include native data (i.e., embedded or meta data) as well as any necessary proprietary or third party software or programming necessary to fully access and manipulate the data.

### F.  Claims of Privilege

Any and all privileges shall be asserted at the time of production. Should the requesting party receive a document that is on its face privileged or work product or which is claimed to be privileged or work product, the requesting party must return the document to the producing party and cannot claim waiver. No later than ten (10) days following notification, the producing party shall assert the claimed privilege and list the document in a privilege log. The requesting party may move to compel production on the grounds that the document is not privileged or that the privileged was waived for some reason other than the inadvertent production itself.

### G.  Changes to Limitations On Discovery

Plaintiff believes that, because of the need to obtain evidence to support a motion for class certification, he will need to obtain evidence in the form of depositions from various employees of Defendants. Plaintiff believes he can do this within the limitations imposed by the Rules (i.e., 10 depositions). However, Plaintiff may also need to take the depositions of putative class members. If this need arises, Plaintiff will need to take more depositions than permitted by the Rules and will seek leave of Court to do so, if Defendants will not stipulate to the same. Plaintiff believes that he

8
JOINT CASE MANAGEMENT CONFERENCE STATEMENT  (Case No. 13-0607-LHK)

may need propound additional written interrogatories beyond the 25 permitted by the Rules, and will seek Defendants' stipulation or leave of Court if such need arises.

Defendants do not believe that there is any reason to increase the limit of interrogatories beyond the 25 permitted interrogatories set forth in FRCP 33(a)(1).  Defendant contends that depositions taken pursuant to FRCP 30(b)(6) should not exceed a collective total of 21 hours with respect to depositions taken for purposes of class certification.

### H.     Protective Orders

Plaintiff's Position:

At this point in time, plaintiff's counsel does not have enough information to determine if any protective order would be appropriate.  They believe it is incumbent upon Defendants to propose such an order and to justify its scope.  However, they are willing to work with Defendants' counsel to stipulate to the terms of any proposed order.

Defendant's Position:

Defendants believe that entry of a protective order is appropriate and will provide a proposed protective order to the Plaintiff for consideration.

## IX.    CLASS ACTIONS

Pursuant to Local Rule 16-9(b), Plaintiff states the following: This action is maintainable as a class action pursuant to Fed.R.Civ.P. 23(a) and (b)(3). The action is brought on behalf of the following class: All individuals who are/were employed by Defendants in California during the Class Period and who held the title of "Sales Representative." The following facts show that Plaintiff is entitled to maintain the action as a class action under Fed.R.Civ.P. 23(a) and (b)(3):

- Plaintiff is informed and believes that the class includes hundreds of members. Rule 23(a)(1).
- Common questions of law exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class.  Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows: whether Defendants had/have a policy and/or practice of not paying

employees for all expenditures incurred in direct consequence of the discharge of their duties; whether Defendants unlawfully and/or willfully failed to fully indemnify Plaintiff and Class members for expenditures incurred in direct consequence of the discharge of their duties in violation of Labor Code § 2802;  whether Plaintiff and Class members sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys; fees, and equitable relief; and, whether Defendants' conduct violated the Unfair Competition Law of California, Bus. & Prof. Code § 17200, *et seq*. Rule 23(a)(2) and Rule 23(b)(3).

- Plaintiff's claims are typical of the members of the Plaintiff Class.  Plaintiff, like other members of the Class working for Defendants in California, was subjected to Defendants' policies and/or practices of not reimbursing for necessary business expenses. Plaintiff's job duties were, and are, typical of those of other Class members. Rule 23(a)(3).

- Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation. Rule 23(a)(4).

- Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Rule 23(b)(3).

- Class action treatment is a superior method of resolving the issues in this action as it will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.  In addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them. Rule 23(b)(3).

Defendants disagree with each of Plaintiff's contentions above, dispute that Plaintiff is an adequate class representative, and deny that this case can or should proceed as a class action.

Plaintiff anticipates that he may need to adjust the previously-proposed deadline of January 5, 2014 to file his Motion for Class Certification, depending on the extent to which litigation is necessary to resolve discovery disputes.

## X. RELATED CASES

Plaintiff contends that this action is related to the action captioned: *Hopkins, et al. v. Stryker Sales Corporation*, Case No. CA No. 11-02786 LHK.  Defendants dispute that contention, because the *Hopkins* case involved employees from an entirely different corporate entity.

## XI. RELIEF

Plaintiff alleges that he, and all class members, are entitled to reimbursement for all business expenses incurred, interest accrued to date, costs of suit, expenses and attorneys' fees. Plaintiff anticipates that the amount of damages owed to Plaintiff and class members are calculable from Defendants' records and/or from expert sampling of class members.

Defendants deny that Plaintiff or any putative class member has been damaged in any manner whatsoever, and are thus entitled to any relief whatsoever.

## XII. SETTLEMENT AND ADR

The parties agree that it is too early to engage in settlement negotiations or to pick a date certain for mediation, and that, at the least, some discovery needs to be exchanged.  The parties will revisit the issue of settlement at a later date.  However, pursuant to Local Rule 16-8, the Parties have meet and conferred regarding ADR and have agreed that, when the time is appropriate, they will utilize the services of a private mediator to attempt to resolve the claims in this action.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff declines to proceed before a magistrate judge for all purposes.

## XIV. OTHER REFERENCES

No other references are appropriate.

## XV. NARROWING OF ISSUES

The parties do not believe the issues in this case can be narrowed at this time.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this action is appropriate for expedited trial procedure.

## XVII. SCHEDULING

If experts are needed in bringing or opposing the Motion for Class Certification, the Parties will provide one another with reasonable time period to disclose and perform discovery of these experts. The parties believe that it is premature to schedule discovery cut-off dates, motion cut-off dates (with the exception of dates pertaining to a Motion for Class Certification), pretrial conference and trial dates until the question of class certification has been decided. The parties request that a status conference be held after the Court rules on Plaintiff's Motion for Class Certification to schedule these deadlines.

## XVIII. TRIAL

The parties believe it is premature to schedule a trial or to estimate how long a trial would last. The parties propose this issue be revisited at a status conference after the Court rules on Plaintiff's Motion for Class Certification.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed his Certificate of Interested Parties as required by Civil Local Rule 3-16 on May 1, 2013. Defendants filed their Disclosure Statement/Certificate of Interested Parties as required by Federal Rule 7.1 and Civil Local Rule 3-16 on May 7, 2013. The parties certify that as of this date, there are no additional non-party interested entities or persons to disclose.

## XX. OTHER MATTERS

The parties are not aware of any other issues relevant to case management.

Dated: September 11, 2013

**MARLIN & SALTZMAN, LLP**
**UNITED EMPLOYEES LAW GROUP PC**

By:   /s/ Kristen M. Fritz
      Louis M. Marlin
      Kristen M. Fritz
Attorneys for Plaintiff and the Proposed Class

Dated: September 11, 2013                                **SEYFARTH SHAW LLP**

By:   /s/ Andrew M. McNaught
Andrew M. Paley
Andrew M. McNaught
Soo Cho
Attorneys for Defendants Stryker Corp. and
Howmedica Osteonics Corp.

I, Kristen M. Fritz, attest that I have obtained concurrence from Andrew M. McNaught in the filing of this JOINT CASE MANAGEMENT CONFERENCE STATEMENT.   See N.D. Cal. General Order 45 § X(B).

/s/ Kristen M. Fritz
Kristen M. Fritz