1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TANNER TROSPER, on behalf of themselves, individually, and all others similarly situated,<br>           Plaintiffs,<br><br>v.<br><br>HOWMEDICA OSTEONICS CORPORATION, a New Jersey corporation, STRYKER CORPORATION, a Michigan Corporation; and DOES 1 to 100, inclusive,<br>           Defendants. | Case No. 13-CV-0607 LHK<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |

This matter came before the Court on the motion filed by Plaintiffs, on behalf of themselves and the previously certified class, for preliminary approval of a proposed class action settlement. The Court, having considered and reviewed the documents, arguments and evidence submitted by the moving party, and good cause appearing therefore, does hereby GRANT the motion, and FINDS and ORDERS as follows:

1. This Court granted certification on August 21, 2014. The Class certified by the Court was as follows:

All individuals who: (1) were employed by defendant in California from February 1, 2009, until October 1, 2012; (2) held the title of 'Sales Representative'; and (3) worked in the

1

worked in the CMF, Reconstruction, Trauma and Extremities, and Joint Preservation Divisions.

2. The court is persuaded that the Settlement Class is slightly different, therefore, the Settlement Class shall be as follows:

> All individuals who: (1) were employed by Defendant in California as Sales Representatives for the Reconstructive, Trauma/Extremities, or Joint Preservation Divisions from February 1, 2009 until February 1, 2011; or (2) were employed by Defendant in California as Sales Representative for the Craniomaxillofacial Division from February 1, 2009 until October 1, 2012.

3. If for any reason the Court does not grant final approval of the settlement, each Party shall retain all of their respective rights in connection with the August 21, 2014 Certification Order.

4. The Court finds on a preliminary basis that the proposed terms of the settlement as set forth in the Settlement Agreement attached as Exhibit 1 to the motion are reasonable, and therefore grants preliminary approval of the proposed settlement. Based on a review of the papers submitted with the motion, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and had become familiar with the strengths and weaknesses of those claims. The assistance of an experienced negotiator in the settlement process supports the Court's conclusion that the settlement is non-collusive.

5. The Court finds and concludes that the Notice of Settlement and the Notices of Anticipated Settlement (collectively referred to herein as the Notice Packet, and attached as Exhibits A, B and C to the motion), as well as the procedure set forth in the Settlement Agreement for providing notice to the Class, will provide the best notice practicable, satisfies the notice requirements of Rule 23(c), and adequately advises Class Members of their rights under the settlement, and therefore meets the requirements of due process.

6. The Notice Packet fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about Plaintiffs' and Class Counsel's applications for Class Representatives'

1  Enhancement Awards, and the Class Counsel's attorneys' fees and litigation and cost award; (3)
2  appropriate information about how to claim a share of the proceeds under the settlement, and about
3  Class Members' rights to appear through counsel if they desire; (4) appropriate information about
4  how to object to the settlement, if a Class Member wishes to do so; (5) appropriate instructions as to
5  how to obtain additional information regarding this action and the Settlement.

6      7.    The proposed plan for mailing the Notice Packet by first class mail to the Class
7  Members' last known address is an appropriate method, reasonably designed to reach all individuals
8  who would be bound by the settlement.  There is no alternative method of distribution that would be
9  more practicable, and any more reasonably likely to notify Class.  The proposed Notice Packet and
10  the notice plan (including mailed notice, notice posted on a website) are the best practicable notice
11  under the facts and circumstances of this case.

12      8.    The Court also finds and concludes that the Notice Regarding Incorrect Inclusion in
13  Original notice of Class Certification will provide those individual with the best practicable notice,
14  satisfies the notice requirements of Rule 23(c), and adequately advises individuals of their rights and
15  provides an opportunity for individuals to contest their exclusion from the Settlement Class, and
16  therefore meets the requirements of due process.

17      9.    The parties are ordered to carry out the settlement according to the terms of the
18  Settlement Agreement.

19      10.    The Court appoints Rust Consulting, Inc. as the Claims Administrator.  Promptly
20  following entry of this order, the Claims Administrator will prepare a final version of the Notice
21  Packet, incorporating into it the relevant dates and deadlines set forth in this order and the Settlement
22  Agreement and will commence the notice process in accordance with the scheduling order set forth
23  below.

24      11.    The deadline for filing objections to the settlement shall be in conformity with the
25  Settlement Agreement and the scheduling order set forth below.

26      12.    Objections by any Plaintiff Settlement Class Member to: (a) the proposed settlement
27  contained in the Settlement Agreement and described in the class notice; (b) the payment of fees and
28  reimbursement of expenses to Plaintiffs' Counsel; (c) Enhancement Award to the Class

1 Representatives; and/or (d) entry of the Judgment shall be heard, and any papers submitted in support of said objection shall be considered by the Court at the Final Approval Hearing only if, on or before August 12, 2015, such objector files with the Clerk of the United States District Court for the Northern District of California: (1) a notice of his, her or its objection and a statement of the basis for such objection; (2) if applicable, a statement of his, her or its intention to appear at the Final Approval Hearing. Copies of the foregoing must also be mailed or delivered to counsel for the Parties identified in the class notice. In order to be considered for hearing, all objections must be submitted to the Court and actually received by the counsel identified in the class notice on or before August 12, 2015. A Settlement Class Member need not appear at the Final Approval Hearing in order for his, her or its objection to be considered.

13. On August 21, 2015, the Parties shall file all papers in support of the Motion for Final Approval of the Settlement and/or any papers in response to any valid and timely objection with the Court, and shall serve copies of such papers upon each other and upon each other and upon any objector who has complied with the provisions of this Order.

14. On July 10, 2015, Class Counsel shall file their motion for an award of attorneys' fees, costs, and for class representative enhancement awards.

15. The Court will conduct a Final Approval Hearing on October 8, 2015, at 1:30 p.m. to determine, (1) whether the proposed settlement is fair reasonable, and adequate and should be finally approved by the Court; (2) the amount of attorneys' fees and costs to award to Class Counsel; and (3) the amount of Enhancement Awards to the Class Representatives.

16. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: June 25, 2015

*Lucy H. Koh*
Hon. Lucy H. Koh
United States District Judge