1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

11

TANNER TROSPER, on behalf of himself,
individually, and all others similarly situated,

Case No. 13-CV-00607-LHK

12

Plaintiffs,

**ORDER GRANTING MOTION FOR
ATTORNEY'S FEES**

13

v.

Dkt. No. 81

14
15

STRYKER CORPORATION, et al.,

16

Defendants.

17
18

The hearing on the Motion of Class Counsel for an award of attorney's fees in the sum of

19

$750,000, and for costs and expenses in the sum of $70,032.31, was held on October 8, 2015.  For

20

the reasons that follow, Class Counsel's motion is GRANTED.

21

**I.      ATTORNEY'S FEES**

22

   **A.  Legal Framework**

23

      "Under Ninth Circuit law, the district court has discretion in common fund cases to choose

24

either the percentage-of-the-fund or the lodestar method."  *Vizcaino v. Microsoft Corp.*, 290 F.3d

25

1043, 1047 (9th Cir. 2002).  "[T]he choice between lodestar and percentage calculation depends on

26

the circumstances, but [] 'either method may . . . have its place in determining what would be

27

reasonable compensation for creating a common fund.'"  *Six Mexican Workers v. Ariz. Citrus*

28

*Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).  To guard against an unreasonable result, the Ninth

1

United States District Court
Northern District of California

Circuit has encouraged district courts to cross-check any calculations done in one method against those of another method. *Vizcaino*, 290 F.3d at 1050–51. Accordingly, the Court will begin by reviewing Class Counsel's request under the lodestar method, before cross-checking this request against a percentage-of-the-fund analysis.

### B. Lodestar

Under the lodestar method, a "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d 935, 941 (9th Cir. 2011) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)). The district court may adjust this lodestar figure "upward or downward by an appropriate positive or negative multiplier reflecting a host of reasonableness factors." *Id.* at 941–42 (citations and internal quotation marks omitted). These factors include "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)). In the instant case, Class Counsel request $750,000 in attorney's fees. Class Counsel report a lodestar figure of $553,730.50, supported by appropriate documentation. *See* ECF No. 81 at 13. Class Counsel's request thus represents a 1.38 multiplier of Class Counsel's lodestar. The Court will assess the appropriateness of this multiplier below, in the context of the factors set forth in *In re Bluetooth*.

### 1. Quality of Representation

Significant skill was involved in pursuing this action. The extensive discovery undertaken by Class Counsel served to bring to light Defendants' past conduct and what Class Counsel believed to be the weaknesses of Defendants' position. As a result of Class Counsel's efforts, the Court denied Defendants' motion for summary judgment, ECF No. 43, and granted Plaintiffs' motion for class certification, ECF No. 58. After this Court granted Plaintiffs' motion for class certification, Class Counsel employed the services of three experts to assist in a proper evaluation of this case for mediation and trial. These experts included an expert who evaluated financial data

Case No. 13-CV-00607-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

United States District Court
Northern District of California

United States District Court
Northern District of California

provided by Defendants in connection with the calculation of damages, an expert to conduct a survey of class members to provide comprehensive information on the business expenses that class members incurred that were not reflected in Defendants' records, and an expert to provide calculations as to the actual cost of operating motor vehicles in California. Class Counsel advanced the costs associated with these experts. In sum, Class Counsel's efforts in investigating this case, in engaging in successful motions practice, and in working with various experts were essential in effectuating a substantial settlement for the class. The Court finds that the quality of representation weighs in favor of Class Counsel's request for $750,000 in attorney's fees.

### 2. Benefit Obtained for the Class

The $3,000,000 common fund represents a near-total recovery for the 121 class members. The average class member will recover a gross recovery exceeding $22,000. In addition, the common fund is non-reversionary, and does not require class members to submit a claim form. The Court thus finds that this factor weighs in favor of Class Counsel's request for $750,000 in attorney's fees.

### 3. Complexity and Novelty of the Issues Presented

Class Counsel incurred significant costs in undertaking depositions, preparing various witnesses, and marshalling other materials for mediation and trial. As a sign of both the complexity and likely duration of further litigation, the parties anticipated that trial would last for approximately ten days. The Court finds that the complexity of the issues presented weighs in favor of Class Counsel's request for $750,000 in attorney's fees.

### 4. Risk of Nonpayment

Class Counsel assumed all of the financial risk of litigation because their fee arrangement with Plaintiffs was entirely contingent upon recovery. Class Counsel advanced all of the costs of litigation and of attorney and paralegal time. In light of these facts, the Court finds that the risk of nonpayment weighs in favor of Class Counsel's request for $750,000 in attorney's fees.

### 5. Benchmark and Cross-Check

After weighing the factors outlined above, the Court finds an award of $750,000 in

Case No. 13-CV-00607-LHK
ORDER GRANTING MOTION FOR ATTORNEY'S FEES

attorney's fees appropriate.  In addition, the Court believes that two additional factors counsel in favor of Class Counsel's request.  First, in *Vizcaino*, the Ninth Circuit conducted a survey of attorney's fees awards in common fund cases between 1996 and 2001.  290 F.3d at 1052–54.  In the vast majority of cases (20 of 24, or 83%), the multiplier ranged from 1.0-4.0.  *Id.* at 1051 n.6.  A multiplier of 1.38 falls within this range.  Second, a $750,000 award would represent 25% of the common fund.  Under Ninth Circuit case law, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award."  *In re Bluetooth*, 654 F.3d at 942; *see also Six Mexican Workers*, 904 F.2d at 1311 ("[W]e established 25 percent of the fund as the 'benchmark' award that should be given in common fund cases.").  Class Counsel's request thus represents an appropriate multiplier under the lodestar method when compared to other common fund cases.  Moreover, using a percentage of the common fund method, Class Counsel's request represents 25% of the common fund, which the Ninth Circuit has found to be a benchmark award.  The Court GRANTS Class Counsel's request for $750,000 in attorney's fees.

## II.     COSTS AND EXPENSES

Class Counsel also requests reimbursement for out-of-pocket expenses incurred to prosecute this class action.  Class Counsel states that these expenses were incidental and necessary to the effective representation of the Class.  *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  The Court agrees.  Class Counsel engaged in significant document review, prepared for and took depositions around the United States, and performed a detailed damages analysis prior to mediation.  As a result of Class Counsel's efforts, Class Counsel were able to effectively evaluate the strengths and weaknesses of this case and were able to obtain a substantial settlement award for Plaintiffs.  Accordingly, the Court GRANTS Class Counsel's request to recover costs and expenses of $70,032.31.

**IT IS SO ORDERED.**

Dated:  October 9, 2015

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California